MILLER et al. v. BENJAMIN et al.

(Supreme Court, General Term, Second Department. February 13, 1893.)

1. CONTRACTS—RESCISSION.
    Where plaintiff contracted with defendant to furnish a large quantity of steel at a fixed price per pound, a certain quantity to be delivered monthly, a casual error in the kind of steel delivered in some shipments, which plaintiff was able and willing to correct, would not give defendant the right to rescind the contract; but where the errors were so numerous and persistent as to subject defendant to serious trouble it would warrant a rescission by him.

2. SAME—QUESTION FOR JURY.
    In such case, the question as to whether there was a substantial compliance with the terms of the contract is for the jury.

Appeal from circuit court, Kings county.

Action by William H. Miller, Nathan H. Van Winkle, and Edgar L. Miller against Edward Benjamin and Alfred Benjamin. From a judgment for plaintiffs, rendered on a verdict of a jury, and from an order denying a motion for a new trial on the minutes, defendants appeal. Affirmed.

The charge of the court by Cullen, J., was as follows:

"There is no dispute as to the contract here; it was that this plaintiff should furnish, and these defendants should take, a hundred thousand pounds of this steel, at seven cents a pound, to be delivered in quantities of about twelve thousand pounds a month. Now, it is not disputed here that at some time in July or the first of August these defendants refused absolutely to accept any other deliveries under this contract; therefore the first question for you to determine is whether they were justified in so refusing or not. The defendants were bound to receive, and the plaintiff was bound to offer to deliver. The guages were 27 and 29, which left the defendants the election of picking out which they chose. The defendants say that they refused to go along further under this contract, because this plaintiff, instead of delivering to them 29-guage steel, were delivering to them constantly 27-guage steel, which is heavier than they wanted for their purpose, besides costing them more for the extra weight; and that it took their time and that of their employes and servants to reject it and send it back. The plaintiff says that he did, in one or two cases, make a mistake in a small lot, sending No. 27, instead of No. 29, but that he received it back, and gave the other in place of it. Now, where there is a contract that calls for a great many acts, it is not necessary that a person should perform every part of it literally. It would be a hard rule to hold, and it is not the law, that a person making deliveries of goods under a contract involving a large number of articles, or extending over a long period of time, for a blunder or error made in some deliveries which could be rectified and remedied as long as he was willing to do that,—that that should give the other party the right to rescind and terminate the contract. On the other hand, it is apparent that these blunders might be so persistent as to amount to a breach of contract. Now, was there such a failure on the part of the plaintiff to furnish the particular sizes or weights of steel called for by these defendants as justified them in terminating the contract? If there was, and the instances were so numerous as to subject them to serious trouble, and was not in fact a carrying out of their contract, the defendants were justified in terminating it. But if it existed only in isolated cases, or reparation was made for the error, and that did not occasion any severe or substantial loss to the defendants, they would not be entitled to terminate the contract. That is the first thing for you to determine. If you find that the delivery of No. 27 instead of No. 29 guage was so often as to affect the defendants to their injury, they had the right to terminate the contract; but if there were only an occasional or casual instance, which did not occasion them injury, then they had not the right to terminate it. If you find that there was a substantial violation of the contract, your verdict should be for the defendants. If you find out, however, that there was not such substantial violation of the contract, or that there were no such deliveries of mistaken sizes or weights, then the plaintiff would be entitled to recover all he has lost by failing to deliver the remainder of this steel,—some seventy-odd thousand pounds,—at the contract

price of seven cents a pound, two per cent. off. Now. there is a second cause of action here, for five hundred and odd pounds. The plaintiff says that the defendants did not pay for it. The defendants say that they did, by a credit which they were entitled to from the plaintiffs on account of having asked them to make up some of this oily steel which they had taken upon the plaintiff's promise, if it turned out unfit for use. to stand the expense. If such a contract was made by the plaintiffs, it is paid for; but unless you are satisfied of that fact, then it is not paid for. On the first cause of action the burden of proof is upon the plaintiffs. On the second cause of action the burden of proof is upon the defendants to show you that the agreement which they claim was made with the plaintiffs, by which they were to go on and cover this steel at the plaintiff's expense, if it turned out unfavorably."

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Smith & White, (Albridge C. Smith, of counsel,) for appellants.
Gwillim & Meyers, for respondents.

PRATT, J. The testimony would warrant the jury in believing that the mistakes alleged in delivery of goods, if they existed, were trifling in number and amount; that the plaintiffs stood ready to correct them; and that defendants seized upon them as pretexts to avoid a contract whose execution would result in loss. The charge of the court correctly stated the law. The verdict was justified by the evidence.

Judgment affirmed, with costs. All concur.